IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JESUS ZAMORA                            §
                                        §
v.                                      §          C.A. NO. C-08-187
                                        §
MICHAEL J. ASTRUE                       §

## MEMORANDUM AND RECOMMENDATION
## TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY FEES

Plaintiff Jesus Zamora prevailed in his appeal of a decision by the Commissioner of the Social Security Administration, which was reversed and remanded to the Commissioner to determine whether plaintiff is per se disabled pursuant to the Regulations.  (D.E. 17, 18).  He now seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA").  (D.E. 21, 22).  The Commissioner filed a response to plaintiff's motion that the defendant does not oppose plaintiff's requested award of attorney fees.  (D.E. 23).  For the reasons stated herein, it is respectfully recommended that plaintiff's motion for attorney fees pursuant to the EAJA be granted.

## I.  PROCEDURAL BACKGROUND

On September 14, 2004, plaintiff filed an application for disability insurance benefits, alleging an onset date of June 1, 2004.  Tr. 11, 99.  He claimed to suffer from diabetes, neuropathy, toe ulcers, dizziness, blurred vision, hives and scoliosis.

Tr. 89.

On February 18, 2005, plaintiff's application was denied.  Tr. 92.  On September 7, 2005, he requested reconsideration.  Tr. 90.  On March 23, 2006, his claim was again denied.  Tr. 85.  On April 25, 2006, plaintiff requested a hearing before an administrative law judge ("ALJ").  Tr. 84.  On November 19, 2007, the ALJ issued his decision holding that the plaintiff was not disabled, and therefore, not entitled to either DIB or SSI benefits.  Tr. 8.  On January 3, 2008, plaintiff filed a request for review with the Appeals Council.  Tr. 8A.  On May 8, 2008, his request was denied.  Tr. 3.

This action, filed on June 10, 2008, followed the denial by the Appeals Council.  (D.E. 1).   The Commissioner moved for summary judgment.  (D.E. 11, 12 ).  Plaintiff filed a response, and also moved for summary judgment, seeking to have disability benefits instated or to have the case remanded to the Commissioner.  (D.E. 13, 15).

By order and final judgment entered on October 24, 2008, summary judgment was granted in plaintiff's favor.  (D.E. 17, 18).  The Commissioner's decision was reversed and the case was remanded for reconsideration.  Id.  The Commissioner did not appeal.

## II.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff asserts the following claims:

1.      Plaintiff is the prevailing party in this action;

2.      The Commissioner's decision denying plaintiff benefits was not substantially justified;

3.      There are no special circumstances that would make an award unjust;

4.      The fee application was timely filed;

5.      Plaintiff's attorney worked 22.40 hours on this matter; this time was reasonable and necessary to the prosecution of plaintiff's case;

6.      The appropriate hourly rate for an attorney pursuant to the EAJA, adjusted for a cost-of-living increase, is $160.40; and

7.      Plaintiff is entitled to an award of attorney fees, costs, and expenses pursuant to the EAJA.

## III.  DISCUSSION

## A.      The Award Of Attorney Fees Pursuant To The EAJA.

A party is entitled to recover attorney fees pursuant to the EAJA if four requirements are met: (1) he is the prevailing party, (2) he files a timely fee application, (3) the position of the government was not substantially justified, and (4) no special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); Squires-Allman v. Callahan, 117 F.3d 918, 920 n.1 (5th Cir. 1997); Milton v. Shalala, 17 F.3d 812, 813 n.1 (5th Cir. 1994).

## 1.    Plaintiff Was The Prevailing Party.

The Fifth Circuit defines a prevailing party as one that succeeds on "'any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'"  Squires-Allman, 117 F.3d at 920 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  In this action, plaintiff challenged the ALJ's decision because it was not supported by substantial evidence and did not comport with proper legal standards.  (D.E. 1, at 2).  He requested that the Court enter a finding of disability on his behalf, or in the alternative, remand his case to the Commissioner for further consideration of his disability.  (D.E. 13, at 10).  The Court reversed the Commissioner's decision, and remanded the case for further consideration of whether plaintiff was per se disabled pursuant to the Regulations. (D.E. 17, 18).

Plaintiff succeeded in reversing the unfavorable decision, and remanding his claim to the Commissioner for reconsideration.  As such, it is respectfully recommended that plaintiff is a prevailing party within the meaning of the EAJA. See Squires-Allman, 117 F.3d at 920 n.2 (citing Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993)).

4

**2.    Plaintiff Filed A Timely Fee Application.**

A prevailing party must submit an application for fees and expenses "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  For purposes of the EAJA, final judgment is defined as "a judgment that is final and not appealable...."  28 U.S.C. § 2412(d)(2)(G).

The EAJA's thirty-day time limit runs from the end of the period for appeal. See Schaefer, 509 U.S. at 302.  When the Commissioner does not file an appeal within the sixty-day period for appeal, as in this case, an applicant seeking fees pursuant to the EAJA has thirty days after that sixty-day period to submit his application.  28 U.S.C. § 2412(d)(1)(B).

In this case, final judgment was entered on October 24, 2008.  (D.E. 18). Therefore, it is respectfully recommended that plaintiff's motion for award of attorney fees, filed on December 29, 2008, is timely.

**3.    The Commissioner's Opinion Was Not Substantially Justified.**

In order for plaintiff to collect attorney fees, the Commissioner's position in denying plaintiff's benefits must not have been "substantially justified."  See 28 U.S.C. § 2412(d)(1)(A).  This determination is made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and

expenses are sought."  28 U.S.C. § 2412(d)(1)(B).

The Supreme Court discussed the meaning of "substantially justified" in Pierce v. Underwood, 487 U.S. 552 (1988), explaining that the statutory phrase "substantially justified" means "justified to a degree that could satisfy a reasonable person."  Id. at 565.  To be substantially justified, the Commissioner's case must have a reasonable basis both in law and fact.  Id. at 566 n.2.  It is "more than merely undeserving of sanctions for frivolousness," id. at 566, but less than "clearly and convincingly justified."  Id. at 568.

The award of attorney fees is not granted automatically every time the government loses.  See Houston Agric. Credit Corp. v. United States, 736 F.2d 233, 236 (5th Cir. 1984) (citation omitted).  The reversal of agency action is not the functional equivalent of an unreasonable position pursuant to the EAJA.  Spawn v. W. Bank-Westheimer, 989 F.2d 830, 840 (5th Cir. 1993) (citations omitted).  The government does, however, have the burden of establishing that its position was substantially justified.  Griffon v. U.S. Dep't of Health & Human Servs., 832 F.2d 51, 52 (5th Cir. 1987) (per curiam).  The Fifth Circuit has held that the government's position was substantially justified: (1) where the government relied on a regulation that was later invalidated; (2) where the government relied on case precedent later set aside; or (3) where new evidence, not available at the

6

administrative level, became available at trial.  See, e.g., Spawn, 989 F.2d at 840

(relied on a regulation which was later invalidated); Enplanar, Inc. v. Marsh, 11

F.3d 1284, 1297 (5th Cir. 1994) (relied on case precedent later set aside); Hallman

v. INS, 879 F.2d 1244, 1246-47 (5th Cir. 1989) (per curiam) (new evidence, not

available at the administrative level).  In these cases, the Fifth Circuit did not allow

attorney fees to be recovered by the prevailing party even though the government

had lost.

The Fifth Circuit has determined that "[a]s a general proposition, however, if

the case lacks substantial evidence, and does not turn on mere evidentiary

ambiguities or involve novel legal principles, 'the absence of support for the

Secretary's decision ... is at once an absence of justification for her position.'"

Baker v. Bowen, 839 F.2d 1075, 1081 (5th Cir. 1988) (quoting Herron v. Bowen,

788 F.2d 1127, 1132 (5th Cir. 1986) (per curiam)).  Here, the Court found the ALJ

failed to consider substantial evidence of plaintiff's severe impairments in

considering whether he was disabled under the Regulations.  This case did not

involve new evidence that was presented for the first time.

Therefore, it is respectfully recommended that the Court find that the

Commissioner's position in this case was not substantially justified.

7

**4.     There Are No Special Circumstances.**

The EAJA disqualifies an applicant from an award of fees if the Court finds that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  It is the government's burden to prove special circumstances exist that make an award unjust.  Baker, 839 F.2d at 1080 (citations omitted).  The Commissioner does not object to plaintiff's motion for attorney fees.  (D.E. 23).

It is respectfully recommended that the Court find plaintiff has shown that he is the prevailing party, the EAJA application was timely filed, the Commissioner's denial of benefits was not substantially justified, and there are no special circumstances that would render the award of attorney fees unjust.  It is further respectfully recommended that the Court find that plaintiff's motion for attorney fees is properly maintained pursuant to the EAJA.

**B.     The Analysis Of The Reasonableness Of Plaintiff's Attorney Fees.**

The Court must next determine whether the hours claimed by plaintiff's attorney are reasonable, or excessive.  See Hall v. Shalala, 50 F.3d 367, 368 (5th Cir. 1995) (citing Pierce, 487 U.S. at 570) (district court's determination of amount of award of attorney's fees reviewed for abuse of discretion).  Attorneys submitting a fee request pursuant to the EAJA "are required to exercise billing judgment." Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 769 (5th Cir. 1996)

(citation omitted).  The Fifth Circuit has stated that "[t]he district court is required to determine 'whether particular hours claimed were reasonably expended.'"  Id. at 768 (citation omitted).

One factor to consider in determining the reasonableness of a fee request is the degree of success the plaintiff has had in the case.  See Hensley, 461 U.S. at 434.  As the Supreme Court has explained, "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."  Id. at 440.  Thus, an award of attorney's fees may be reduced in light of limited success, where a plaintiff has failed to prevail on significant issues in the case, resulting in reduced relief.  Id. at 434-41.

Here, plaintiff raised two essential grounds for relief in his original complaint: (1) That the Commissioner's decision was not supported by substantial evidence; and (2) that it failed to comport with appropriate legal standards.  (D.E. 1, at 2).  He raised a number of claims falling under those two issues.  (D.E. 13).  The Court's order addressed plaintiff's claims as to substantial gainful activity, the severity of his diabetes impairment, and whether his impairment met or was medically equivalent to a listed impairment, such that he would be per se disabled pursuant to the Regulations.  (D.E. 17).  However, the Court did not address plaintiff's claims concerning the ALJ's finding of reduced credibility because of

9

narcotics use, his substance abuse impairment, or his noncompliance with treatment.  Id.; see also (D.E. 13).  Therefore, it is appropriate to consider whether plaintiff had limited success in his Social Security case.

As the Fifth Circuit has explained, "the question of whether a party 'prevailed' and whether a fee award is 'reasonable' is not one to parse too thinly – whether by individual claim or the number of trials required to reach a result." Abner v. Kan. City S. Ry., 541 F.3d 372, 382 (5th Cir. 2008) (citations omitted). In Abner, the Fifth Circuit upheld an award of attorney fees for work done during a prior trial that ended in a mistrial, finding that "the 'overall relief' obtained in this case was substantial: each plaintiff received a punitive damage award of $125,000."  Id.  Likewise, the Ninth Circuit recently explained that "the fact that a settlement agreement does not encompass all relief requested in the complaint does not preclude a finding that a plaintiff has nevertheless obtained an 'excellent result.'"  Natural Res. Defense Council, Inc. v. Winter, 543 F.3d 1152, 1162 (9th Cir. 2008) (citations omitted).  In Winter, the court upheld an award of attorney fees because of the plaintiffs' successful "attainment of a TRO, which forced the Navy to settle so it could proceed with its scheduled exercises."  Id. at 1163.

Thus, the proper focus in determining the reasonableness of the fee is the relief obtained, not the number of claims prevailed upon.  Here, the Court reversed

the Commissioner's decision, finding that substantial evidence supported plaintiff's claims of the severity of his diabetic condition, and remanded the case for a determination of whether he is per se disabled under the regulations.  (D.E. 17, 18).  The Court's order effectively grants plaintiff all the relief he requested. Moreover, it renders the question of his credibility and the question of whether his substance abuse is a severe impairment irrelevant, as the question of whether plaintiff is per se disabled is dispositive of the issue of his entitlement to benefits. It is therefore respectfully recommended that plaintiff has obtained an "excellent result" and that his attorney fees need not be reduced to account for limited success.

According to the fee application, plaintiff's counsel spent a total of 22.40 hours on the case.  (D.E. 21, at 2).  This time was spent advancing plaintiff's appeal by researching the relevant issues and preparing his motion for summary judgment.  Plaintiff's counsel is well-versed in the area of social security appeals and has appeared often before this Court.

The hours submitted by plaintiff's counsel furthered his case.  Accordingly, it is respectfully recommended that the Court find that the 22.40 hours spent on this case by plaintiff's attorney be found to be reasonable and necessary.

###### 1.      Reimbursable Amount Of Attorney Fees.

The EAJA provides that attorney fees shall not be awarded in excess of $125 per hour, unless it is determined that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The Fifth Circuit has concluded that while the statute clearly provides for cost of living adjustments, it does not require such adjustments.  Baker, 839 F.2d at 1084.  "Except in unusual circumstances, therefore, if there is a significant difference in the cost of living since [1996] in a particular locale that would justify an increase in the fee, then an increase should be granted."  Id.  The Consumer Price Index ("CPI"), as furnished by the Bureau of Labor Statistics, has been used to determine the appropriate amount for cost of living increases pursuant to EAJA.  See Bode v. United States, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (per curiam) (district court's use of CPI for purpose of determining EAJA adjusted attorney fee rate was appropriate).

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."  Perales v. Casillas, 950 F.2d 1066, 1076 (5th Cir. 1992).  Therefore, EAJA fees must be adjusted yearly.  To do otherwise "in effect award[s] interest for the ... delay in payment" and "is a prohibited award of interest against the United States."  Id. at 1076-77.

## 2.     The Calculation Of Plaintiff's Attorney Fees.

Plaintiff's attorney reasonably worked a total of 22.40 hours on this action. She calculates the cost of living adjustment pursuant to the EAJA to be $160.40.[1] This hourly rate correctly reflects the cost of living adjustment for the year 2006, and it is respectfully recommended that the Court calculate the EAJA award according to this adjusted rate for hours worked in this action.  Pursuant to this adjusted rate, the attorney fees for hours worked are calculated as 22.40 hours multiplied by $160.40, which equals $3,592.96.

It is respectfully recommended that the Court find that plaintiff is entitled to attorney fees in the amount of $3,592.96.

## C.     Plaintiff's Costs And Expenses.

The EAJA authorizes a prevailing party to recover costs and reasonable expenses incurred prosecuting a civil action against the United States.  See 28 U.S.C. § 2412.  Section 2412(a)(1) provides that "costs, as enumerated in section 1920 of this title, but not including fee and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or

---

[1] To calculate the appropriate cost of living adjustment, plaintiff compares the CPI for March 1996, the year in which the $125.00 EAJA rate became effective, with the CPI for March 2006, 155.7 and 199.8 respectively, to find that the rate has increased 28 percent.  (199.8 minus 155.7 = 44.1; 44.1 divided by 155.7 = 28 percent).  A 28 percent increase equals $160.40 per hour.  (D.E. 22, Attach. A & B).

13

any agency or any official of the United States." 28 U.S.C. § 2412(a)(1).  Costs

enumerated in 28 U.S.C. § 1920 include costs for court filing fees and

photocopying costs.

Section 2412(d)(1)(A) provides that "a court shall award to a prevailing

party other than the United States <u>fees and other expenses</u>, in addition to any costs

awarded pursuant to subsection (a)," in a successful suit against the federal

government.  28 U.S.C. § 2412(d)(1)(A) (emphasis added).  Expenses are "'those

reasonable and necessary expenses of an attorney incurred or paid in preparation

for trial of the specific case before the court, which expenses are those customarily

charged to the client where the case is tried.'"  <u>Kelly v. Bowen</u>, 862 F.2d 1333,

1335 (8th Cir. 1988) (citing <u>Oliveira v. United States</u>, 827 F.2d 735, 744 (Fed. Cir.

1987)).  The term "other expenses" has been found to include various items, such

as postage and courier, telephone, electronic research, and attorney travel expenses.

<u>Id.</u>

Based on his attorney's summary of costs and expenses, plaintiff seeks

expenses of $9.98, which include $5.78 for postage, and $4.20 for photocopies.

(D.E. 21-3, at 6).  Because the photocopying costs are recoverable, the Court may

order these costs reimbursed.  <u>See</u> 28 U.S.C. § 1920.

The Court may also order the remaining item, postage expenses, be

14

reimbursed as "fees and other expenses" pursuant to § 2412(d)(1)(A).  Defendant

does not object to plaintiff's request for attorney fees and expenses.  Moreover, the

enumerated cost appears reasonable.  Based on the foregoing analysis, it is

respectfully recommended that the Court grant plaintiff's request for costs and

expenses in the amount of $9.98.

## IV.  RECOMMENDATION

It is respectfully recommended that plaintiff is entitled to an award of attorney fees pursuant to the EAJA because he is the prevailing party, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust.  It is further respectfully recommended that the Court find that 22.40 billable hours expended on this case by plaintiff's counsel were reasonable and necessary.  Finally, it is respectfully recommended that the Court find that plaintiff is entitled to reimbursement of costs and expenses.

Accordingly, it is respectfully recommended that plaintiff's motion for attorney fees, costs, and expenses be granted, and that plaintiff be awarded $3,592.96 in attorney fees and $9.98 in costs and expenses.

Respectfully submitted this 13th day of January 2009.

_____

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).